IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHARLES GODSPOWER #513858,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:23-cv-00399 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| **CORECIVIC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Charles Godspower, a current inmate at Whiteville Correctional Facility (WCFA) and former inmate at Trousdale Turner Correctional Center (TTCC), filed a pro se "medical emergency motion," dated April 17, 2023. (Doc. No. 1). This motion includes a caption listing Godspower as the Plaintiff and naming five Defendants: CoreCivic, Trinity Food Services, TTCC, WCFA, and Warden Vincent Vantell. Plaintiff alleges that he was transferred from TTCC to WCFA on April 12, 2023, and that he had been denied access to allergy-compliant food since arriving at WCFA. Plaintiff is assured that the Court takes these allegations very seriously. But as explained below, there are two issues that prevent this case from going forward at this time. So for this case to proceed, Plaintiff **MUST** carefully read this entire Order and follow the instructions at the end.

### I. LACK OF A VIABLE COMPLAINT

The first issue Plaintiff must address is that he has not submitted a pleading that states a claim for relief against a proper Defendant. Plaintiff's "medical emergency motion" includes factual allegations, names Defendants, and requests specific relief—all things that would permit the Court to liberally construe it as a complaint. But because Plaintiff is a prisoner seeking relief from governmental entities or officers, his complaint is subject to initial review to determine if it

is frivolous or malicious, fails to state a claim for relief, or seeks monetary damages from an immune defendant. 28 U.S.C. § 1915A. And as explained below, Plaintiff fails to state a claim at this time.

**A. Allegations and Requests for Relief**

Liberally construing Plaintiff's motion in his favor, he alleges as follows: Plaintiff has been diagnosed by a doctor with food allergies. (Doc. No. 1 at 1). To that end, Plaintiff submitted a report from an allergy blood test ordered by a medical provider at TTCC and conducted on October 6, 2022. (Doc. No. 1-1). The Court takes judicial notice that allergy blood tests are one tool used to diagnose food allergies, but the test cannot "confirm a food allergy," it cannot "tell you how serious an allergy may be,"[1] and it "may not always be accurate."[2] Additionally, the report provided by Plaintiff does not include a key for interpreting its results. With those very important disclaimers in mind, as best as the Court can tell, the report appears to reflect that Plaintiff may be allergic to the following foods, listed in order from the most likely allergy to the least likely allergy: peanut, soybean, wheat, casein (which is a protein found in cow's milk),[3] corn, yeast, and tomato. (Doc. No. 1-1). Plaintiff is also "a vegan by religion," meaning that he does "not eat meat or any type of animal products." (Doc. No. 1 at 3).

Medical providers advised Plaintiff "not to eat any of the food listed" on the allergy report "to avoid allergic reactions which could be deadly/dangerous to [his] health." (*Id.* at 1–2). Plaintiff received "allergy meals" at TTCC, apparently without incident. (*Id.* at 3). On April 12, however,

---

[1] *See* Food Allergy Testing, MedlinePlus, https://medlineplus.gov/lab-tests/food-allergy-testing/ (last visited May 1, 2023).

[2] *See* Allergy Blood Test, MedlinePlus, https://medlineplus.gov/lab-tests/allergy-blood-test/ (last visited May 1, 2023).

[3] *See* Milk Allergy, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/milk-allergy/symptoms-causes/syc-20375101 (last visited May 1, 2023).

2

Plaintiff was transferred to WCFA, and as of April 17, Plaintiff had been "denied access to food" and "ha[d] not fed" since his arrival. (*Id.* at 2, 4). During the five-day period covered in Plaintiff's motion, Plaintiff pleaded with staff members to provide him allergy-compliant food, and on April 14, a Unit Manager told Plaintiff that, due to an email from TTCC, Plaintiff would be given "alternate allergy meals until someone from higher up approves [Plaintiff's] allergy meals." (*Id.*) Plaintiff also asked WCFA staff for forms several times. (*Id.* at 4). Still, Plaintiff was "completely ignored, not fed, [and] denied access to medical" from April 12 to April 17.[4] (*Id.* at 3).

The lack of food led to Plaintiff losing a "significant amount of weight," having ill-fitting clothes, and experiencing lightheadedness, loss of vision, sleeplessness, headaches, fatigue, trouble standing for extended periods, and anxiety. (*Id.* at 2–4). The lack of food also gave Plaintiff a "problem" taking his prescribed mental health and blood pressure medication. (*Id.* at 3). Plaintiff is unsure why he was transferred to WCFA, though he had been requesting a transfer from TTCC since 2020 due to unsafe conditions of confinement there. (*Id.* at 4). And Plaintiff was unable to call his family to inform them of his transfer to WCFA. (*Id.*). Plaintiff fears retaliation by CoreCivic staff[5] for filing this lawsuit. (*Id.*).

As relief, Plaintiff requests that the Court order several things in connection with this case: transfer of Plaintiff to DeBerry Special Needs Facility while this case is pending to avoid retaliation by CoreCivic staff; that CoreCivic staff and Trinity Food Services preserve all communication related to this case; appointment of counsel for Plaintiff and permission to file an

---

[4] Despite these allegations, it would not be reasonable to infer that Plaintiff is alleging a *complete* denial of food at WCFA, as Plaintiff separately alleges that he has been eating *some* food in the form of "noodles" that do not have any nutritional value. (Doc. No. 1 at 3).

[5] The Court takes judicial notice that CoreCivic is a private entity contracted to manage TTCC and WCFA. TENNESSEE DEPARTMENT OF CORRECTION, https://www.tn.gov/correction/sp/state-prison-list/trousdale-turner-correctional-center.html; https://www.tn.gov/correction/sp/state-prison-list/whiteville-correctional-facility.html (last visited May 1, 2023).

amended complaint; and requiring WCFA and Trinity Food Services to provide Plaintiff adequate meals that comply with his diagnosed food allergies. (*Id.* at 4–5).

**B. Initial Review**

To conduct the required review of Plaintiff's motion, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations [] as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). And because Plaintiff is representing himself, the Court must liberally construe the motion and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Plaintiff does not specify the type of case he is bringing, but his motion does allege that the lack of adequate meals at WCFA violated his civil rights. (Doc. No. 1 at 5). The Court therefore construes the motion as being brought under 42 U.S.C. § 1983, which allows an individual to pursue a civil claim against a state actor for violating the Constitution. *See Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). The Eighth Amendment requires prison officials to ensure that Plaintiff receives adequate food. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). And a private entity like CoreCivic or Trinity Food Services may be liable for the deprivation of constitutionally adequate food if Plaintiff alleges that the deprivation was directly caused by a policy or custom of CoreCivic or Trinity Food Services. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012).

Here, Plaintiff fails to state a claim against the five named Defendants for one reason or another. TTCC and WCFA are both buildings, which are not legal entities subject to suit in a

4

Section 1983 case. *See McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that a prison facility "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983"). Warden Vincent Vantell is not referenced in the body of the motion, so Plaintiff has not alleged a sufficient level of personal involvement by him to state a claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978))). And CoreCivic and Trinity Food Services are not alleged to have a policy or custom that caused Plaintiff to experience a deprivation of his constitutional right to adequate food. *See Savoie*, 673 F.3d at 494.

For these reasons, Plaintiff's "medical emergency motion" is not a viable complaint in its current form. For this case to proceed, therefore, Plaintiff must file an amended complaint that complies with the instructions below. The Clerk is **DIRECTED** to send Plaintiff a blank form Section 1983 complaint for prisoners.

## II. FILING FEE

Plaintiff's second issue is that he has not resolved the filing fee for this case. There is a $402.00 fee to file a civil case in federal court.[6] Plaintiff must either pay the filing fee or submit an application to proceed without prepaying the filing fee (also known as an in forma pauperis application, or "IFP application"). An inmate's IFP application must be accompanied by a certified copy of his trust account statement for the 6-month period before he filed the Complaint. This

---

[6] This includes a filing fee of $350 and an administrative fee of $52. *See* 28 U.S.C. § 1914. The $52 administrative fee is waived for plaintiffs granted pauper status, such that a prisoner proceeding as a pauper is assessed $350 rather than $402. *See id.* §§ 1914, 1915(b). However, for plaintiffs not granted pauper status—prisoners and non-prisoners alike—the total amount to be paid at the outset of a case is $402.

5

statement must be signed by the custodian of the inmate's trust account. 28 U.S.C. § 1915(a)(2). The Clerk is **DIRECTED** to mail Plaintiff a blank IFP application for prisoners (short form).

### III. INSTRUCTIONS TO PLAINTIFF

To proceed, Plaintiff **MUST** (1) file an Amended Complaint and (2) resolve the filing fee by either paying $402.00 in one lump sum or filing a properly completed IFP application. The Amended Complaint must allege sufficient facts to state a claim against one or more proper Defendants to a Section 1983 case, whether those Defendants are individuals alleged to be personally involved in the violation of Plaintiff's rights, or private entities (like CoreCivic or Trinity Food Services) whose policies or customs are alleged to have caused such violations. Plaintiff should provide as much detail as possible about how each specific Defendant allegedly violated his constitutional rights (the "who, what, when, where, why, and how").

Plaintiff's submissions must be filed within **30 DAYS** of the date this Order is entered on the docket and include case number **3:23-cv-00399**. Plaintiff may request more time to comply before the deadline expires, if necessary. To file in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

Plaintiff is **WARNED** that failure to comply with these instructions or promptly inform the Court of any change in address may result in dismissal of this case without further Order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE